UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JULIE WAGNER,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | 4:25-CV-04213-KES<br><br>ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION AND AFFIRMING THE COMMISSIONER |

Plaintiff, Julie Wagner, seeks review of the Social Security Administration (SSA) Commissioner's decision denying her application for social security disability benefits under Title II and Title XVI of the Social Security Act. Docket 1. The SSA argues the Commissioner's decision should be affirmed. Docket 14. This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1) and D.S.D. Civ. L.R. 83.9. *See Mathews v. Weber*, 423 U.S. 261, 266-72 (1976). The Magistrate Judge issued a report recommending that the court affirm the agency's denial of disability benefits. Docket 16 at 56. Wagner timely filed objections to the report. Docket 17. For the reasons stated below, the court sustains in part and denies in part Wagner's objections, adopts in part and rejects in part the report and recommendation, and affirms the SSA Commisioner's denial of disability benefits.

## FACTUAL BACKGROUND

A full factual background was provided in the report and recommendation. Docket 16 at 2-31. Wagner does not raise any substantive objections to these factual findings. *See generally* Docket 17. Thus, the court adopts the facts as stated in the report and recommendation.

## LEGAL STANDARD

This court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b). Upon timely objection, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996). In doing so, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. 636(b)(1)(C); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Judicial review of the Commissioner's decision to deny social security benefits is constrained to a determination of whether the decision is supported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Buckner v. Apfel*, 213 F.3d 1006, 1012 (8th Cir. 2000) ("We may reverse and remand findings of the Commissioner only when such findings are not supported by substantial evidence on the record as a whole."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it

adequate to support the . . . decision." *Vance v. Berryhill*, 860 F.3d 1114, 1117 (8th Cir. 2017) (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see also Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) ("Substantial evidence . . . is more than a mere scintilla.") (internal quotations omitted) (citations omitted).

## DISCUSSION

### I. Wagner's Objections

Wagner identified three alleged errors in her objections. Docket 17 at 2. Wagner contends the Magistrate Judge articulated post-hoc rationalizations to support the ALJ's framing of Wagner's mental residual functional capacity (RFC), evaluation of the consultative examiner's opinion, and decision to omit a migraine-related limitation in the RFC. Docket 17 at 3, 4, 5. Wagner argues that, by supplying new explanations, the Magistrate Judge violated the *Chenery* doctrine, which prohibits the court and commissioner's counsel from relying on alternate reasonings than those found in the ALJ's decision to affirm the denial of benefits. *See SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943).

The government responds to the objections holistically, arguing that the Magistrate Judge did not violate *Chenery* when citing facts supporting the ALJ's factual findings, although those facts were not a part of the ALJ's reasoning. *See generally* Docket 18. The Commissioner argues Wagner misinterprets the *Chenery* doctrine, thus, it does not apply in this case. *Id.* at 3. What Wagner claims are the Magistrate Judge's post hoc rationalizations and new factual findings, the Commissioner contends are "identification[s] of

record evidence that support[]" the ALJ's decision. *Id.* at 5. All of Wagner's objections are sustained to the extent the report and recommendation includes findings and explanations that were not relied on by the ALJ in its decision.

In *Chenery*, the Supreme Court held that when a court is reviewing an agency decision, the reviewing court is limited to examining agency action on "the grounds upon which the Commission itself based its action[.]" *Chenery*, 318 U.S. at 88. The Eighth Circuit has said, "a reviewing court may not uphold an agency decision based on reasons not articulated by the agency when the agency has failed to make a necessary determination of fact or policy upon which the court's alternative basis is premised." *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001) (quoting *Healtheast Bethesda Lutheran Hosp. and Rehab. Ctr. v. Shalala*, 164 F.3d 415, 418 (8th Cir. 1998) (citation modified).

Commissioners may not attempt to rehabilitate an ALJ's decision that the objective medical evidence was inconsistent with a medical opinion by explaining these inconsistencies with new arguments. *Lucus v. Saul*, 960 F.3d 1066, 1069 (8th Cir. 2020). And the court "will not fill in the gaps for the ALJ." *Id.*; *see also Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 169 (1962) ("For the courts to substitute their or counsel's discretion for that of the Commission is incompatible with the orderly functioning of the process of judicial review."). Applying *Chenery*, this court rejects the parts of the report and recommendation that reference findings not found in the ALJ's decision or offer alternate explanations to affirm the ALJ's denial of benefits. As a result,

the court will review the ALJ's decision to determine whether it is supported by substantial evidence. 42 U.S.C. § 405(g).

## II. Mental RFC

Wagner claims the mental RFC is not supported by substantial evidence because the ALJ rejected "all the mental medical opinions, improperly interpreted medical data, and failed to provide a logical bridge between [the] evidence and [the] RFC." Docket 13 at 8. (capitalization in original omitted). After finding "the state agency psychological consultants' findings . . . unpersuasive[,]" Wagner contends that the ALJ drew her own conclusions from the medical records. *Id.* at 10. Wagner also asserts that the ALJ failed to explain how Wagner's impairments translated into the RFC. *Id.* at 11. Based on Wagner's angry, irritable moods, paranoid ideations, severe anxiety, and ADHD, Wagner argues that the RFC requires additional limitations. *Id.* at 12.

The Commissioner responded and suggests that the RFC does not have to be supported by a specific medical opinion. Docket 14 at 6. It went further to argue that substantial evidence can support an RFC formulation even when the record does not contain any treating or examining physicians' opinions. *Id.* Because the ALJ relied on medical evidence and Wagner's own statements to support the RFC and Wagner failed to prove any other limitations, the Commissioner asserts that the ALJ did not err. *Id.* The Commissioner focuses on the ALJ's inconsistency findings when comparing the objective clinical findings, Wagner's characterization of her impairments, and Wagner's daily activities. *Id.* at 9-10. In contrast to Wagner's assertion that the ALJ needed to

further develop the record, Docket 13 at 11, the Commissioner argues the record contained sufficient evidence for the ALJ's decision, Docket 14 at 10.

After review, this court finds there is substantial evidence to support the ALJ's mental RFC determination. At step four of the evaluation, the ALJ must determine the claimant's RFC, which is the most the claimant can do despite their limitations. *Brown v. Barnhart*, 390 F.3d 535, 538-39 (8th Cir. 2004); 20 C.F.R. § 404.1545(a)(1). The ALJ bases the claimant's RFC on all relevant evidence in the record, which includes medical records, observations of treating physicians, and the claimant's subjective statements of their limitations. *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006).

When writing the opinion, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence . . . and explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p. But there is no requirement that an ALJ "follow each RFC limitation with a *list* of" specific, supporting evidence. *Bradley v. Colvin*, 2015 WL 2365607, at *3 (W.D. Mo. May 18, 2015) (emphasis in original); *see also* SSR 96-8p. The ALJ's RFC finding "must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). And the ALJ must consider all of a claimant's mental and physical impairments in combination, both severe and non-severe. *Lauer v. Apfel*, 245 F.3d 700, 703 (8th Cir. 2001).

Wagner does not dispute the ALJ's credibility finding regarding Wagner's testimony. *See generally* Docket 13. Because the ALJ was in a better position to evaluate Wagner's credibility, the court "defer[s] to her determinations as they are supported by sufficient reasons and substantial evidence on the record as a whole." *Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015).

The court concludes that the ALJ's determination of Wagner's mental RFC is supported by substantial evidence and that the ALJ sufficiently developed the record. The ALJ concluded in Wagner's RFC that "[s]he is able to perform simple, routine, and repetitive tasks in a work environment free of production-rate pace requirements, involving only simple work-related decisions and routine workplace changes. [Wagner] is able to tolerate no direct interaction with the public and only occasional interaction with coworkers." AR 20.[1] In her opinion, the ALJ referenced Wagner's lack of emergency room visits for symptoms related to her mental impairments, inpatient psychiatric hospitalizations, intensive-outpatient or partial hospitalization programs, or "other such aggressive psychiatric interventions[.]" AR 23. The ALJ noted Wagner's subjective reports of improvements in anxiety, depression, and inattentiveness because of her psychiatric medications. AR 24. But the ALJ found the state agency psychological consultants' findings unpersuasive because their conclusion that Wagner had no severe mental impairment was inconsistent with Wagner's lengthy mental health treatment records. AR 25.

[1] The court will cite to the administrative record, Docket 9, as "AR."

Wagner essentially argues that the absence of a controlling medical opinion on her mental limitations barred the ALJ from making an RFC determination. *See Rockefeller v. Soc. Sec. Admin.*, 2025 WL 3158614, at *2 (W.D. Mo. Nov. 12, 2025) (affirming ALJ's denial of benefits even when the ALJ concluded none of the medical opinions were entitled to controlling weight). In *Rockefeller*, the plaintiff argued that the lack of a medical opinion implied that the ALJ used his own medical judgment. *Id.* at *2. Similarly, Wagner argues the ALJ "play[ed] doctor" and improperly interpreted medical records to formulate the mental RFC. Docket 13 at 9-10. An ALJ "may not simply draw [her] own inferences about plaintiff's functional ability from medical reports." *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004). But a specific medical opinion is not required. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016); *see also Myers v. Colvin*, 721 F.3d 521, 526-27 (8th Cir. 2013) (affirming RFC without a controlling medical opinion).

The court finds *Hensley* instructive here. In that case, Hensley applied for disability benefits in part based on his PTSD diagnosis. *Hensley*, 829 F.3d at 930. Hensley initially attended group therapy but was discontinued from the program for lack of attendance. *Id.* Hensley reported to his treating physician that the antidepressant medication was helping, so much so that Hensley was willing to decrease the dosage. *Id.* After the administrative hearing, the ALJ found that Hensley had severe impairments including PTSD but that his statements relating to his symptoms were not entirely credible. *Id.* at 931. The

ALJ relied on the treating VA physician's summary of Hensley's severe impairments and Hensley's extensive VA treatment records. *Id.* at 932.

On appeal, Hensley argued that the ALJ erred in determining the RFC because "no medical opinion support[ed] the ALJ's RFC." *Id.* But the Eighth Circuit reiterated precedent that establishes there is no requirement that an RFC finding be supported by a specific medical opinion and the ALJ was not required to seek other information from the treating physician or order a consultative examination. *Id.* Hensley claimed that the ALJ failed to consider whether he could sustain his ability to work a full day in a real-world work setting as opposed to a doctor's office. *Id.* at 932-33. But the Eighth Circuit found Hensley did not explain how the ALJ's assessment was unrealistic. *See Juszczyk v. Astrue*, 542 F.3d 626, 633 (8th Cir. 2008). By "explicitly consider[ing] the persistence and limiting effects of Hensley's symptoms and impairments, . . . the RFC took into account the effect particular work environments would have on Hensley's ability to function by limiting the jobs" as such. *Hensley*, 829 F.3d at 933.

Hensley's RFC limited him to "jobs that involve simple, repetitive tasks learned by rote, with incidental interpersonal contact and simple, direct, concrete supervision." *Id.* at 934. The Eighth Circuit noted that there was substantial evidence to affirm the ALJ's determination based on Hensley's subjective statements that the medication helped his symptoms because "an impairment [that] can be controlled by treatment or medication . . . cannot be considered disabling." *Id.* at 933-34 (quoting *Brace v. Astrue*, 578 F.3d 882,

885 (8th Cir. 2009) (quotation omitted); *see also* 20 C.F.R. § 404.1530(a) ("to get benefits, you must follow treatment prescribed by your medical source(s) if this treatment [can] restore your ability to work").

In Wagner's case, the ALJ received a record that was more fully developed than the ALJ had in *Hensley* because it included a consultative examination and the prior administrative medical findings from state agency psychological consultants. *See* AR 97-103, 106-12, 114-22, 124-32, 541-52. Although the ALJ found the psychological opinions unpersuasive, "medical records prepared by the most relevant treating physicians . . . [can] provide affirmative medical evidence" to support the RFC.[2] *Johnson v. Astrue*, 628 F.3d 991, 995 (8th Cir. 2011). In her opinion, the ALJ noted that Wagner's symptoms of paranoia and poor self-control were not replicated from visit to visit. AR 23. And the ALJ cited Wagner's treating physicians who classified her memory and cognitive functioning as normal. AR 23, 711, 724, 752. On the other hand, the ALJ also explained that Wagner's long history of mental status abnormalities and symptoms, AR 22, along with her 2020 psychiatric hospital admission, supported a finding regarding Wagner's mental impairments, AR 25.[3] Thus, the ALJ's RFC formulation was supported by some objective medical evidence from Wagner's treating physicians.

---

[2] The ALJ's finding that the state agency psychological consultants' determination that no mental residual functional capacity was required was unpersuasive, AR 101, 121, favored Wagner's claim of some mental limitations, and that was factored into the RFC, AR 25.

[3] The ALJ considered Wagner's psychiatric care since November 2023 and her reported symptoms or "depression, mood swings, . . . irritability, . . . disorganization, difficulty completing tasks, scattered thinking, panic episodes,

The ALJ relied on supporting non-medical evidence as well. *See Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007) (stating that an ALJ is not limited to only analyzing medical evidence). As in *Hensley*, where the claimant reported his antidepressant medication was helping, Wagner reported improved levels of anxiety, depression, and inattentiveness when she took her psychiatric medications. AR 24, 726, 729, 732. The ALJ also found Wagner's daily activities including Bible study, reading, and painting inconsistent "with her allegations regarding her cognitive [and] social . . . abilities[.]" AR 24. The ALJ stated she considered Wagner's symptoms, the objective medical evidence, written reports, testimony, medical opinions, and prior administrative medical findings to determine the RFC. AR 20, 22. The court presumes the ALJ considered whether Wagner was able to work on a sustained basis with the limitations outlined in the RFC and the combined effect of Wagner's impairments. *See Wilburn v. Astrue*, 626 F.3d 999, 1003 (8th Cir. 2010) (explaining that when an ALJ states she would perform a duty, it is presumed that the ALJ discharged her duty). As a result, the ALJ found Wagner could occasionally interact with coworkers and complete simple, routine, and repetitive tasks considering her mental impairments. AR 20.

---

feeling easily overwhelmed, and situational anxiety (particularly around social interactions and driving)[.]" AR 22. The ALJ listed Wagner's "[m]ental status abnormalities[,]" which "included [feeling] sad, hopeless, irritable, angry/hostile, anxious, tearful, and/or labile mood/affect, impaired insight, psychomotor agitation, marginal self-control, defiant behavior, and paranoid ideations[.]" *Id.*

Wagner has not explained why the ALJ's mental RFC is unrealistic. In her brief, Wagner contends that "[i]t is unclear" if she can occasionally interact with coworkers based on her symptoms and "it is possible [she] would be unable to perform even simple, repetitive tasks on a regular and continuing basis" due to her severe anxiety and ADHD. Docket 13 at 12. But "an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion." *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005). After reviewing the record, the court finds that it is possible to draw two inconsistent conclusions from Wagner's treatment records and symptoms. But one of those conclusions is consistent with the ALJ's findings, thus, the court must affirm the ALJ's decision. *Id.*

The court disagrees with Wagner's contention that the ALJ did not explain how Wagner's symptoms translated into the ALJ's decision, and the court finds no missing link between the evidence and the RFC. Wagner argues that, because the ALJ found the psychological opinions unpersuasive, the record contains no additional medical opinions triggering the ALJ's duty to seek other evidence on Wagner's mental limitations. Docket 13 at 11. But under *Hensley* this is incorrect and the court finds there is substantial medical and non-medical evidence in the record to support the ALJ's determination of Wagner's mental RFC. Thus, the ALJ was not required to further develop the record.[4]

[4] The ALJ stated that "[t]here is essentially no objective medical support . . . for marked or extreme limitations in mental functions." AR 24. If the ALJ concludes there is no objective medical support in the record to establish the

## III. Consultative Examiner's Opinion

Second, Wagner argues that the ALJ failed to correctly evaluate Physician Assistant (PA) Johnson's opinion when generating the RFC. Docket 13 at 13. PA Johnson found Wagner had a normal range of motion, AR 545, and normal strength other than reduced elbow strength, AR 546. PA Johnson opined that Wagner could lift 20 pounds occasionally and 10 pounds frequently, stand and walk two hours a day and sit six hours a day, and could perform repetitive motions with good strength with some limitation. *Id.* Wagner contends that the ALJ did not identify which findings during the consultative examination performed by PA Johnson were inconsistent with Wagner's need for an assistive device or limited postural and repetitive motions. Docket 13 at 14. Because PA Johnson's opinion was supported and consistent with the record, Wagner asserts that the ALJ erred in finding parts of PA Johnson's opinion unpersuasive. *Id.* at 15.

The Commissioner disagrees and argues that the ALJ distinguished which limitations she found persuasive from PA Johnson's medical opinion based on those that were founded on unsupported subjective statements from Wagner. Docket 14 at 11. The Commissioner directs the court to regulatory requirements and Eighth Circuit precedent. *Id.* at 14. It asserts that the ALJ

---

claimant's alleged limitations, this court will not require the ALJ to go searching for more evidence that affirms the claimant's allegations when the record is sufficient on its own. *See Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011) (quoting *Johnson*, 627 F.3d at 320) ("[T]he ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled.").

must explain how she considered the supportability and consistency factors. *Id.* The court's review is limited to whether the ALJ's analysis was adequate, "not whether [it] agree[s] with the ALJ's evaluation of the record evidence on those issues." *Cropper v. Dudek*, 136 F.4th 809, 814 (8th Cir. 2025); 20 C.F.R. §§ 404.1520c(b), 404.1520c(c)(1)-(2).

An ALJ will consider medical opinions when determining the claimant's RFC. *See* 20 C.F.R. § 404.1527. All medical opinions are evaluated according to the same criteria:

— whether the opinion is consistent with other evidence in the record;

— whether the opinion is internally consistent;

— whether the person giving the medical opinion examined the claimant;

— whether the person giving the medical opinion treated the claimant;

— the length of the treating relationship;

— the frequency of examinations performed;

— whether the opinion is supported by relevant evidence, especially the medical signs and laboratory findings;

— the degree to which a nonexamining or nontreating physician provides supporting explanations for their opinions and the degree to which these opinions consider all the pertinent evidence about the claim;

— whether the opinion is rendered by a specialist about medical issues related to his or her area of specialty; and

— whether any other factors exist to support or contradict the opinion.

*See* 20 C.F.R. § 404.1527(c)(1)-(6); *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007). When a treating physician's opinion conflicts with that of a consulting physician, the ALJ must resolve the conflict. *Wagner*, 499 F.3d at 849. The ALJ is not required to "give controlling weight to a physician's RFC assessment that is inconsistent with other substantial evidence in the record." *Strongson*, 361 F.3d at 1070. But it is still appropriate for an ALJ "to disregard statements of opinion by a treating physician that 'consist[s] of nothing more than vague, conclusory statements.' " *Id.* (quoting *Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996)) (alteration in original).

Wagner claims that the ALJ mentioned the supportability and consistency factors but failed to analyze them. Docket 13 at 14. The court disagrees and limits its review to whether the ALJ adequately analyzed the persuasiveness of PA Johnson's opinion. *See Cropper*, 136 F.4th at 814 (upholding the ALJ's finding that the medical opinions are not persuasive unless that finding "falls outside the available zone of choice") (quoting *Ross v. O'Malley*, 92 F.4th 775, 778 (8th Cir. 2024)). The ALJ identified that PA Johnson's findings of Wagner's normal gait, lower extremity strength, and orthopedic maneuvers did not support PA Johnson's recommendation to limit Wagner's standing and walking to only two hours. AR 24. Also, the ALJ referenced multiple other medical opinions that were inconsistent with PA Johnson's findings including Wagner's rheumatologist, family medicine provider, and neurology consultation. AR 24-25, 553-690, 691-708, 779-89. In finding that PA Johnson's statements lacked supportability and consistency

based on apparent internal inconsistencies and contradictions with objective medical evidence, the ALJ adequately analyzed the persuasiveness of PA Johnson's opinion.

Wagner also argues the parts of PA Johnson's opinion pertaining to an assistive device, postural activities, and limitations with repetitive motions lack consistency with the RFC. Docket 13 at 14. Because PA Johnson noted limitation in Wagner's elbow strength and Wagner appeared multiple times with gloves and braces, Wagner contends that the ALJ improperly concluded Wagner could perform repetitive motions without additional limitations. *Id.* at 15. If the ALJ had properly evaluated PA Johnson's opinion, Wagner asserts that the RFC should have included limitations on pushing, pulling, or reaching. *Id.*

What Wagner overlooks is the fact that the ALJ found her statements not credible and PA Johnson's recommendation was based in part on those subjective statements. The ALJ has no obligation to include the limitations contained in opinions the ALJ has determined are not entitled to significant weight. *Lacroix*, 465 F.3d at 887-88 (upholding ALJ decision rejecting the RFC findings of mental health providers where the ALJ found those findings unsupported by the evidence); *see also Julin v. Colvin*, 826 F.3d 1082, 1089 (8th Cir. 2016) (finding that the ALJ was entitled to discount the parts of the medical opinion that relied on claimant's subjective complaints). Wagner does not dispute the ALJ's credibility findings. Thus, because the ALJ found the portions of PA Johnson's opinion based on Wagner's subjective statements

unpersuasive, the ALJ had no obligation to include the other limitations PA Johnson suggested in the RFC.

**IV. Limitation for Migraines**

Wagner states that the ALJ did not include her severe migraine headaches as a limitation in the RFC. Docket 13 at 16. Wagner points to the ALJ's admission that Wagner's migraines were severe and the ALJ's failure to formulate an RFC with a limitation stemming from Wagner's severe migraines. *Id.* at 17. Without any explanation as to why a migraine-related limitation was not included, Wagner contends that the ALJ's omission was not harmless. *Id.* Wagner requests, at a minimum, additional vocational evidence to determine whether occupations exist if Wagner's additional limitations from her migraines were included. *Id.*

The Commissioner agrees that the ALJ found Wagner's migraines to be a severe impairment but claims the ALJ is not required to include a related limitation in the RFC. Docket 14 at 17-18. The Commissioner contends Wagner bears the burden of proving her RFC should include additional limitations because both state agency medical consultants, which the ALJ found somewhat persuasive regarding Wagner's physical functional capacity, did not recommend an additional restriction related to migraine headaches. *Id.* at 18-19.

There is no automatic requirement that an ALJ must discuss every impairment found at step two, severe or not, in the RFC at step four. *Gann v. Colvin*, 92 F. Supp. 3d 857, 884 (N.D. Iowa 2015). Even though the ALJ must

consider *all* of a claimant's impairments at step four, "[t]he key question as to whether functional limitations from an impairment found at Step Two are included in the RFC is whether there is substantial evidence that the impairment actually limits the claimant's ability to work." *Betty J.K. v. Kijakazi*, 4:20-CV-04139-VLD, 2021 WL 4710757, at *20 (D.S.D. Oct. 8, 2021); *see also Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, at *5 (E.D. Mich. July 14, 2004) ("A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other.").

The record does not demonstrate there is substantial evidence that Wagner's migraines resulted in limitations to her ability to work. The ALJ noted Wagner's consultations for migraines and her failure to follow up on recommended therapy treatments.[5] AR 22-23. Also, the ALJ considered Wagner's record of longstanding headaches, AR 22, but found that the "objective medical findings, treatment course, and response to treatment[,]" were inconsistent with Wagner's "asserted functional severity of [her] impairments[,]" AR 24. When generating the RFC, the ALJ confirmed that he had

[5] In some cases a claimant's failure to obtain treatment is justifiable and does not preclude a finding of disability. *See Hensley*, 829 F.3d at 935; Soc. Sec. Ruling 82-59. But the ALJ in Wagner's case analyzed the evidence of Wagner's noncompliance within the context of Wagner's credibility. *See Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001). Thus, the ALJ could reasonably conclude that Wagner's repeated failure to attend physical therapy for cervicalgia and headaches was evidence that this physical impairment was inconsistent with her statements related to its severity. *See Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008) (basing an adverse credibility finding in part on claimant's discharge from therapy after failing to attend).

> considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p. The undersigned also considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c and 416.920c.

AR 20, 79. The ALJ identified inconsistencies with Wagner's claimed impairments related to migraines and properly formed her RFC with those in mind.

Wagner "bears the burden of proving her RFC." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015). Because Wagner has not shown that her severe mental impairment of migraines affects her ability to perform work-like activities, she has not shown that the ALJ failed by not expressly considering her migraines in the RFC. Although Wagner may disagree with how the ALJ weighed her subjective complaints against the objective evidence, it is not this court's role to reweigh the evidence. *Johnson v. Colvin*, 788 F.3d 870, 872 (8th Cir. 2015). Thus, the ALJ did not err by failing to include functional limitations from Wagner's migraines in the RFC at step four.

Even if the ALJ could have tied the evidence and her conclusions closer together, "an ALJ's failure to adequately explain [her] factual findings is not a sufficient reason for setting aside an administrative finding." *Vance*, 860 F.3d at 1118 (quoting *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008) (internal quotation marks omitted); *see also Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008) (quoting *Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992) ("[A]n arguable deficiency in opinion-writing technique does not require us to

set aside an administrative finding when that deficiency had no bearing on the outcome." (internal quotations omitted)). The district court remands only when "the ALJ's factual findings, considered in light of the whole record, are insufficient to permit this [c]ourt to conclude that substantial evidence supports" the decision to deny benefits. *Vance*, 860 F.3d at 1118. That is not the case here and the court affirms the Commissioner.

**V. Conclusion**

The court sustains Wagner's objections. After a de novo review of the ALJ's decision to deny Wagner disability benefits, the court finds that substantial evidence supports the ALJ's decision. This court affirms the ALJ and accepts the portions of the recommendation consistent with this opinion and rejects the findings that violate *Chenery*. Thus, it is

ORDERED

1. That Wagner's objections to the report and recommendation (Docket 17) are sustained in part and denied in part.

2. That the Magistrate Judge's report and recommendation is adopted in part and rejected in part (Docket 16).

3. That the decision of the Commissioner is affirmed.

DATED November 25, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE